| | |
|---|---|
| DISTRICT COURT DENVER COUNTY, STATE OF COLORADO<br>Court Address:<br>Denver City & County Building<br>1437 Bannock Street, Room #256<br>Denver, Colorado 80202<br>(720)865-8612 | DATE FILED: October 31, 2018 3:59 PM<br>FILING ID: DF74903F221D3<br>CASE NUMBER: 2018CV34058 |
| | ▲COURT USE ONLY▲ |
| Plaintiff:  MATTHEW HUPPERTS, on behalf of himself and all others similarly situated,<br><br><br>v.<br><br>Defendant:  STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation, and DOES 1 – 5. | Case No._____**CV**_____.<br>Div.:____   Ctrm.: _____ |
| **Attorneys for Plaintiff:**<br><br>Michael L. Kelly, #17301<br>Kirtland & Packard, LLC<br>1638 South Pacific Coast Highway<br>Redondo Beach, California 90277<br>(310) 536-1000<br>mlk@kirtlandpackard.com<br><br><br>Brett N. Huff,  #32071<br>Huff & Leslie, LLP<br>2480 Gray Street<br>Denver, Colorado 80214<br>(303) 232-3622<br>bhuff@huffandleslie.com | |
| **CLASS ACTION COMPLAINT & JURY DEMAND** | |

Plaintiff MATTHEW HUPPERTS ("MR. HUPPERTS" or "Plaintiff"), by and through his undersigned counsel, on behalf of himself and all others similarly situated, alleges the following:

## JURISDICTION AND VENUE

1.      At all times herein material, Plaintiff resided in the City and County of Denver, State of Colorado.

2.      Defendant State Farm Mutual Automobile Insurance Company's (hereinafter "State Farm") corporate headquarters is located in Bloomington, Illinois.

3.      This Court has personal jurisdiction over State Farm because it is a foreign corporation licensed to do business in the State of Colorado and currently does business in this state.

3.      Venue is proper in Denver County District Court pursuant to Colo. R. Civ. P. 98(c).

4.      This honorable court has subject matter jurisdiction over all claims asserted herein, and the amount in controversy exceeds $15,000.

## PARTIES

5.      Plaintiff, MR. HUPPERTS, at all relevant times herein, was and is a citizen and resident of the State of Colorado.

6.      Defendant STATE FARM is an Illinois Corporation, which is duly licensed to conduct business within the State of Colorado, that sells insurance

policies to consumers in Colorado, and conducts a substantial amount of business in Colorado.

7.     MR. HUPPERTS has been an insurance customer and insured of STATE FARM for over 30 years.

8.     STATE FARM sold and MR. HUPPERTS purchased automobile insurance polices which provided coverage for his 2012 FIAT 500 ("FIAT") in the year 2016 and coverage for his 2014 NISSAN VERSA ("NISSAN") in the year 2018.

9.     Plaintiff is unaware of the true names and capacity of the defendants sued as DOES 1-5, and therefore sues these defendants by fictitious names. Plaintiff will seek leave to amend this Complaint when and if the true identities of these DOE defendants are discovered. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is responsible in some manner for the acts and occurrences alleged herein, whether such acts or occurrences were committed intentionally, negligently, recklessly or otherwise, and that each said DOE defendant thereby proximately caused injuries and damages to Plaintiff and the Class as herein alleged, and is thus liable for Plaintiff's and the Class's injuries.

10.     At all times herein mentioned, Defendants, and each of them, were the agents, principals, servants, employees, and subsidiaries of each of the remaining Defendants, and were at all times acting within the purpose and scope of such agency, service, and employment, and directed, consented, ratified, permitted, encouraged, and approved the acts of each remaining defendant.

## PRELIMINARY ALLEGATIONS

11.    This action arises out of STATE FARM's practice of unlawfully failing to pay its insureds – specifically holders of STATE FARM automobile insurance policies – certain statutory mandated fees in the event an automobile accident or other event results in a total loss determination by STATE FARM for the insured's vehicle.  The specific statutory fees STATE FARM uniformly fails to pay as part of its normal business practices are mandated by Colorado Revised Statutes ("C.R.S.") § 10-4-639(1), and include, without limitation, title and registration fees associated with a motor vehicle's total loss.

12.    MR. HUPPERTS obtained automobile insurance from STATE FARM which covered the 2016 calendar year, for the FIAT personal automobile he owned during that time period.  The policy provided for coverage in the event of total loss of the motor vehicle.

13.    MR. HUPPERTS' FIAT was involved in a motor vehicle accident in 2016 and he submitted a claim to STATE FARM based on the insurance policy he had obtained from STATE FARM for the FIAT.

14.    STATE FARM did not agree to pay MR. HUPPERTS the total and full amount of title and registration fees associated with the total loss of the FIAT and as a result, caused him financial losses associated with the total loss of the FIAT.

15.    MR. HUPPERTS also obtained automobile insurance from STATE FARM which covered the 2018 calendar year, for the NISSAN personal automobile he owned during that time period.  The policy provided for coverage in the event of total loss of the motor vehicle.

16.    MR. HUPPERTS' NISSAN was involved in a motor vehicle accident in 2018 and he submitted a claim to STATE FARM based on the insurance policy he had obtained from STATE FARM for the NISSAN.

17.    STATE FARM did not agree to pay MR. HUPPERTS the total and full amount of title and registration fees associated with the total loss of the NISSAN and as a result, caused him financial losses associated with the total loss of the NISSAN.

18.    Upon information and belief, Plaintiff alleges STATE FARM has denied insurance benefits it owed to similarly situated STATE FARM automobile policy holders in violation of C.R.S. § 10-3-1115 (which requires that insurers not unreasonably delay or deny payment of a claim for benefits owed), by failing to pay them the total amount of title and registration fees associated with the total loss of a motor vehicle, as mandated by C.R.S. § 10-4-639(1).

## CLASS ACTION ALLEGATIONS

19.    Plaintiff MR. HUPPERTS brings this action on behalf of himself and all others similarly situated, as members of the proposed Colorado class and Colorado Subclass (collectively hereafter the "Classes") defined as follows:

> **Colorado Class ("Class")**:  All persons who resided in Colorado and had obtained an automobile insurance policy with STATE FARM providing for coverage in the event of a total loss of the vehicle, and whose insured vehicle was involved in a motor vehicle accident or other event which resulted in a determination by STATE FARM the vehicle was a total loss upon a claim being made by the policy

holder, and to whom STATE FARM did not pay the total amount of title and registration fees associated with the total motor vehicle loss as part of the claim made, within three years of the filing of the original complaint to the present. Specifically excluded from the proposed Class are Defendants, any entities in which Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, successors, subsidiaries and/or assigns of Defendants, and any Judge who may be assigned to this matter.

**Colorado Subclass ("Subclass")**:  All persons who resided in Colorado and had obtained an automobile insurance policy with STATE FARM providing for coverage in the event of a total loss of the vehicle, and whose insured vehicle was involved in a motor vehicle accident or other event which resulted in a determination by STATE FARM the vehicle was a total loss upon a claim being made by the policy holder, and to whom STATE FARM did not pay the total amount of title and registration fees associated with the total motor vehicle loss as part of the claim made, within two years of the filing of the original complaint to the present. Specifically excluded from the proposed Class are Defendants, any entities in which Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, successors, subsidiaries and/or assigns

of Defendants, and any Judge who may be assigned to this
matter.

20.    This action is brought and may be properly maintained as a class
action pursuant to the provisions of Colorado Rule of Civil Procedure 23(a)(1)-(4)
and 23(b)(1)-(3).    This action satisfies the numerosity, typicality, adequacy,
predominance and superiority requirements of those provisions.

21.    [C.R.C.P. 23(a)(1)]  The Classes are so numerous that the individual
joinder of all of their members are impractical.  While the exact number and
identities of Class members are unknown to Plaintiff at this time, Plaintiff is
informed and believes each Class includes many thousands of members, , subject
to discovery.

22.    [C.R.C.P. 23(a)(2)] Common questions of fact and law exist as to all
members of the Classes which predominate over any questions affecting only
individual members of the Classes.  These common legal and factual questions,
which do not vary from class member to class member, and which may be
determined without reference to the individual circumstances of any class member,
include, but are not limited to, the following:

A.    Whether Defendants provided automobile insurance coverage to
Plaintiff and the putative class, which covered total vehicle loss in the
event of a motor vehicle accident or other event;

B.    Whether Defendants failed to pay the total amount of title  and
registration fees associated with a total vehicle loss to Plaintiff and the
putative class after making a determination an insured vehicle was a
total loss as a result of a motor vehicle accident or other event;

C.    Whether Defendants entered into valid contracts with Plaintiff and members of the putative class;

D.    Whether the terms of the contracts were that Defendants would provide coverage in the event of total loss of the insured motor vehicle;

E.    Whether Defendants breached the contracts when they failed to pay the total amount of title and registration fees associated with a total vehicle loss to Plaintiff and the putative class after making a determination an insured vehicle was a total loss as a result of a motor vehicle accident or other event;

F.    The nature and extent of damages and other remedies to which the conduct of Defendants entitles the Class members.

23.    [C.R.C.P. 23(a)(3)]  Plaintiff's claims are typical of the claims of the members of the Classes.  Plaintiff and all members of the Classes have sustained injury and are facing harm arising out of Defendants' common course of conduct as complained of herein.  The losses of each member of the Classes were caused directly by Defendants' wrongful conduct as alleged herein.

24.    [C.R.C.P. 23(a)(4)] Plaintiff will fairly and adequately protect the interests of the members of the Classes.  Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

25.    [C.R.C.P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be

unduly burdensome to the courts in which individual litigation of numerous issues would proceed.    Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.    By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

26.    [C.R.C.P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, whether a policy provided for insurance coverage in the event of the total loss of the vehicle.

27.    [C.R.C.P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, substantially impair or impede the ability of such non-party Class members to protect their interests.

28.    [C.R.C.P. 23(b)(2)] Defendants have acted or refused to act in respects generally applicable to the Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Violation of C.R.S. 10-3-1115, *et seq.*)
### (By Plaintiff and Putative Subclass Against All Defendants)

29.    Plaintiff and the Subclass incorporate by reference each preceding paragraph as though fully set forth herein.

30.    Plaintiff and the Subclass obtained automobile insurance policies from STATE FARM which provided for insurance coverage in the event of the total loss of the vehicle.

31.    Plaintiff and the Subclass members submitted claims for automobile insurance coverage to STATE FARM after the insured vehicle was involved in a motor vehicle accident or other event which resulted in a determination by STATE FARM the vehicle at issue was a total loss.

32.    C.R.S. § 10-4-639(1) provides in relevant part that an insurer <u>shall</u> pay title fees and any other transfer or registration fees associated with the total loss of a motor vehicle.

33.    C.R.S. § 10-3-1115(1)(a) provides in relevant part that a person engaged in the business of insurance <u>shall not</u> unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

33.    Despite its own determination the insured vehicles of Plaintiff and the Subclass Members were total losses, when claims were submitted by Plaintiff and the Subclass Members after a motor vehicle accident or other event resulted in damage to their property, STATE FARM failed to pay the total amount of title and registration fees associated with the total loss as required by C.R.S. § 10-4-639(1), and therefore violated the express language of that statute.

34.     Additionally, STATE FARM's failure to make such payments were a violation of C.R.S. § 10-3-1115(1)(a), as an unreasonable delay and/or denial of a claim for insurance benefits STATE FARM owed Plaintiff and the Subclass Members.    STATE FARM had no reasonable basis to deny making these payments.

35.     Furthermore, STATE FARM's violations of Colorado's insurance codes provide for a private right of action under C.R.S. § 10-3-1116(a), the recovery of attorney's fees and costs and two times the covered benefit.

36.     As a result of the foregoing, Plaintiff and the Subclass members have been damaged in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)
### (By Plaintiff and Putative Subclass Against All Defendants)

37.     Plaintiff and the Subclass incorporate by reference each preceding paragraph as though fully set forth herein.

38.     STATE FARM's failure to pay the total amount of title and registration fees associated with a total loss to its automobile insurance customers in Colorado, as mandated by C.R.S. § 10-4-639(1), was not reasonable conduct for an established automobile insurer such as STATE FARM.

39.     As an established automobile insurer offering policies in Colorado, STATE FARM knew of or recklessly disregarded the fact that its failure to pay the total amount of title and registration fees associated with the total loss of an insured motor vehicle in Colorado, based on C.R.S. § 10-4-639(1)'s mandate, was unreasonable.

40.     As an established automobile insurer offering policies in Colorado,
STATE FARM also knew of or recklessly disregarded the fact that its delay and/or
denial of payments owed to Plaintiff and Subclass members, in violation of C.R.S.
§ 10-3-1115(1)(a), was unreasonable.

41.     As a result of the foregoing, Plaintiff and the Subclass members have
been damaged in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
**(Breach of Contract)**
**(By Plaintiff and Putative Class Against All Defendants)**

42.     Plaintiff and the Class incorporate by reference each preceding
paragraph as though fully set forth herein.

43.     Plaintiff and the Class entered into contracts with STATE FARM for
automobile insurance which provided for insurance coverage in the event of the
total loss of the vehicle.

44.     Plaintiff and the Class Members timely paid the premiums owed for
the automobile insurance contracts with STATE FARM which provided for
insurance coverage in the event of the total loss of the vehicle.

45.     Plaintiff and the Class members submitted claims for automobile
insurance coverage to STATE FARM after the insured vehicle was involved in a
motor vehicle accident or other event which resulted in a determination by STATE
FARM the vehicle at issue was a total loss.

46.     STATE FARM breached the contracts with Plaintiffs and the Class
members by failing to pay them the total amount of title and registration fees
associated with the total loss of the insured vehicle (i.e. the pro-rata amount of title

and registration fees incurred on the totaled vehicle, for the remaining unused portion of the yearly registration period), as part of the insurance payment to them related to the total loss vehicles.

47.     As a result of the foregoing, Plaintiff and the Class members have been damaged in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (Breach of the Duty of Good Faith and Fair Dealing)
### (By Plaintiff and Putative Class Against All Defendants)

48.     Plaintiff and the Class incorporate by reference each preceding paragraph as though fully set forth herein.

49.     Plaintiff and the Class entered into contracts with STATE FARM for automobile insurance which provided for insurance coverage in the event of the total loss of the vehicle.

50.     Plaintiff and the Class Members timely paid the premiums owed for the automobile insurance contracts with STATE FARM which provided for insurance coverage in the event of the total loss of the vehicle.

51.     Plaintiff and the Class members submitted claims for automobile insurance coverage to STATE FARM after the insured vehicle was involved in a motor vehicle accident or other event which resulted in a determination by STATE FARM the vehicle at issue was a total loss.

52.     STATE FARM breached the implied duty of good faith and fair dealing with Plaintiffs and the Class members by denying to pay them, with no reasonable basis, the total amount of title and registration fees associated with the total loss of the insured total loss vehicles (i.e. the pro-rata amount of title and

registration fees incurred on the totaled vehicle, for the remaining unused portion of the yearly registration period), as part of the insurance payment to them related to the total loss vehicles.

53.    As a result of the foregoing, Plaintiff and the Class members have been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other persons similarly situated, prays for judgment against STATE FARM as follows:

1.    An Order certifying the Class and any sub-classes thereof that the Court may deem appropriate, and appointing Plaintiff MATTHEW HUPPERTS, and his counsel, to represent the Class;

2.    An award of general damages according to proof;

3.    Injunctive relief;

4.    Attorneys' fees;

5.    Two times the covered benefit under C.R.S. § 10-3-1116(a);

6.    Statutory damages;

7.    Costs of suit;

8.    Any other relief the Court deems proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Dated this 31st day October, 2018.

Respectfully submitted,

*Original signature on file at the offices of
Huff & Leslie, LLP C.R.C.P. Rule 121 § 1-26(7 & 9)*

By: s/Brett N. Huff
    Brett N. Huff, #32071
    Huff & Leslie, LLP

    Michael Louis Kelly
    Kirtland & Packard, LLP

    *Counsel for Plaintiff Matthew
    Hupperts on behalf of himself and
    all others similarly situated*